IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

DONALD R. JORDAN,

    Petitioner,

v.                                                     Case No. 5:19-cv-00803

D.L. YOUNG, Warden,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is the petitioner, Donald R. Jordan's ("Jordan") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

At the time he filed the instant petition, Jordan was incarcerated at the Federal Correctional Institution at Beckley, in Beaver, West Virginia, serving a 24-month term of imprisonment imposed by the United States District Court for the Northern District of West Virginia on November 18, 2016. Jordan's federal sentence was ordered to run consecutive to a West Virginia state sentence he was then serving.

Jordan was subsequently convicted of another offense in an Ohio state court and his nine-month sentence for that conviction was ordered to run concurrent to his federal sentence. Petitioner claims that he was improperly taken into Ohio state custody rather than being designated to a federal prison when he was released on parole by the State of

West Virginia. The instant petition seeks credit to Jordan's federal sentence for all time he spent in custody after his release on parole by the State of West Virginia.

According to the BOP inmate locator, Jordan was released from BOP custody on July 17, 2020. Thus, his request for relief can no longer be granted and his section 2241 petition is moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, Owens has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Jordan's § 2241 petition is now moot due to his release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Jordan's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address and to transmit a copy to counsel of record.

October 26, 2020

Dwane L. Tinsley
United States Magistrate Judge