**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

DONALD R. JORDAN,

       Petitioner,

v.                                CIVIL ACTION NO. 5:19-cv-00803

D.L. YOUNG, Warden,

       Respondent.

## ORDER

Pending is Petitioner Donald R. Jordan's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], filed November 12, 2019. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on October 26, 2020. Magistrate Judge Tinsley recommended that the Court deny Mr. Jordan's Petition for a Writ of Habeas Corpus as moot given his release from BOP custody and dismiss this matter from the Court's docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's

findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). The Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, pursuant to the Local Rules, pro se parties "must advise the clerk promptly of any changes in name, address, and telephone number." LR Civ. P. 83.5.

On October 26, 2020, a copy of the PF&R was sent to Mr. Jordan at his last known address at Federal Correction Institution ("FCI") Beckley, but the PF&R was returned as undeliverable on November 9, 2020. [Doc. 6]. At this writing, the Federal Bureau of Prisons Inmate Locator indicates the Mr. Jordan was released from BOP custody on July 17, 2020. Inasmuch as Mr. Jordan has failed to keep the Court apprised of his current address and objections in this case were due on November 12, 2020, and none have been filed, this matter is ready for adjudication.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 5**], **DENIES AS MOOT** Mr. Jordan's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**Doc. 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTERED: November 17, 2020

Frank W. Volk
United States District Judge

2